IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GLENN DOUGLAS GROSS,**

        **Plaintiff,**

        v.                              CASE NO.  13-3197-SAC

**GLEN KOCHINOWSKI, Sheriff,**
**Saline County, et al.,**

        **Defendants.**

## O R D E R

This pro se civil rights complaint was filed pursuant to 42 U.S.C. § 1983 by an inmate of the Saline County Jail, Salina, Kansas. The filing fees have been paid in full. Plaintiff claims that while at the jail he was prevented from posting bond, has been denied treatment for numerous medical and mental conditions including "all needed Rx," and has been subjected to various "criminal acts." The court screens the complaint and finds that it is defective in several ways. Plaintiff is given time to cure the defects. If he fails to comply with this Order within the prescribed time, at least some of his claims and all but one defendant are likely to be dismissed.

**ALLEGATIONS AND CLAIMS**

As Count I of his complaint, plaintiff claims that he was denied the right to bond out. As facts in support, he alleges as follows. He has been in Saline County Jail since June 1, 2013. He was

1

"prevented from bonding out" in June, when a bondsman was in the booking room waiting for him but the "female 'CO' (guard)" refused to open his door until he cleaned his cell, even after he told her that he did not mess up his cell and would not clean it. His bond will increase as a result.

As Count II, plaintiff claims denial of access to nurses, sick call, all needed Rx, M.D.s and a psychiatrist. He further claims denial of treatment "for every medical and psychiatric condition/disease, pain/mental illnesses." In support, he alleges as follows. When he arrived at the jail, he had 21 days of prescribed suppositories for ulcerative colitis that lasted 110 days, and he has been bleeding rectally for 8 weeks. At the end of September 2013, defendant Beth Komarek said his stool samples were negative, and cancelled his Seroquel for hoarding medication "after one dose was found in (his) cell (to be taken later that night)." One morning in September, Komarek denied his medications because he was shampooing his hair when she came. She also cancelled his Effexor, a drug for sleep, anxiety, bipolar depression, and several other emotional disorders. She sent back full prescriptions of Seroquel and Effexor without refunding money he had paid. No doctor would discontinue Effexor or Seroquel "cold turkey." He has gone without sleep during the worst and longest manic phase he has ever experienced. He tried to see Komarek at sick call for over two months for swelling of his feet, legs and ankles, but was ignored. On

2

September 20, 2013, he finally saw a doctor, Dr. Kepka. He had "scabs all over his scalp" for six weeks because Komarek refused all prescription shampoos and until she told him to buy "Sulfur 8" shampoo at the commissary, which helped. Komarek has refused Zocor for cholesterol, BP meds, Tylenol for back pain, Lasix for water, prescription skin cream for psoriasis and seborrhea, Vaseline, mild soap, hand lotion, 3 in 1 antibiotic ointment, nail clippers, and "other items for toilet use." He has been "denied medical treatment for ulcerative colitis, arthritis, cellulitis, psoriasis, and seborrhea. He has also been "forced off" other medications including Selsun shampoo, Canash suppositories, Ketoconazole shampoo, Cordrain cream, Triamcinolone cream, and Clonazepam.

As Count III, plaintiff claims "Criminal Acts" and lists assault, battery, tear gas, pepper spray, tasing, and shooting with pepper-ball guns. He claims that he was assaulted, battered 4 times, tased, tear-gassed/pepper-sprayed twice, and shot with "pepper-ball" guns 3-4 times and that these acts occurred in his cell, in medical, in the hallway, and on the tier outside the cells. He states that he will present the supporting facts for this claim as an amendment and in discovery because he is too upset to continue and fearful that his complaint will be destroyed by jail personnel.

In another section of his complaint, Mr. Gross alleges that he has been denied soap, water, food, blanket, pillow, sheet, mattress, towel, washcloth, writing paper, envelopes, pen, pencils, stamps,

3

all commissary items including food, coffee, cup, Bibles, books, fresh air, library, jail lunch (twice), clean clothes, his eyeglasses, cleaning supplies, showers, telephone, visits, and access to his attorneys.

Plaintiff seeks millions of dollars in damages including punitive damages, the "closing down of the Saline County Jail and/or its medical department" and the firing of Komarek "and all personnel involved in these abuses."

**SCREENING**

Because Mr. Gross is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b);[1] 28 U.S.C. § 1915(e)(2)(B). Screening is required even though Mr. Gross paid the filing fee and

---

[1] 28 U.S.C. § 1915A provides in relevant part:

(a) Screening.-The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal.-On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-

   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

   (2) seeks monetary relief from a defendant who is immune from such relief.

4

has not sought leave to proceed in forma pauperis. *Plunk v. Givens*, 234 F.3d 1128, 1129 (10th Cir. 2000)("The statutory language clearly authorizes screening regardless of the prisoner litigant's fee status." *Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir. 1999). Accordingly, this court joins the Second, Fifth, Sixth, and Seventh Circuits in holding that § 1915A applies to all prison litigants, without regard to their fee status, who bring civil suits against a governmental entity, officer, or employee. *See Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999); *Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998), *cert. denied*, 527 U.S. 1041, 119 S.Ct. 2405, 144 L.Ed.2d 803 (1999); *Benson v. O'Brian*, 179 F.3d 1014, 1017 (6th Cir. 1999); *Rowe*, 196 F.3d at 781.)).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake,* 469 F.3d 910, 913 (10th Cir. 2006). Nevertheless, "when the allegations in a complaint, however true, could not raise a claim of entitlement

5

to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. There must be "enough facts to state a claim to relief that is plausible on its face. *Id.* at 570. The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Having applied these standards to screen the complaint filed herein, the court finds that the complaint or portions of it are subject to being dismissed for reasons that follow.

6

**FAILURE TO ALLEGE PERSONAL PARTICIPATION OF EACH DEFENDANT**

Plaintiff fails to allege facts sufficient to state a claim against 16 of the 17 persons named as defendants. "[P]ersonal participation in the specific constitutional violation complained of is essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011)(citation omitted). The only defendant actually named in the body of the complaint together with descriptions of her personal acts is defendant Komarek. Plaintiff is given time to allege additional facts describing the unconstitutional acts of each of the other named defendants. If he fails to allege facts showing the involvement of any defendant, this action will be dismissed as against that defendant.

**FAILURE TO STATE CLAIM IN COUNTS I AND III**

Plaintiff's allegations are insufficient to state a federal constitutional claim in two of his three counts. Plaintiff's allegations in Count I appear to be frivolous. His own description of the bonding-out incident indicates that he could have left his cell had he simply complied with the correctional officer's direction to clean it or had he kept it clean in the first place. Thus, it appears that he caused this incident.

In Count III, plaintiff fails to name any individual defendant and then describe what acts he or she took that violated his federal constitutional rights. He also fails to provide any dates or

7

locations of the alleged crimes. These allegations do not afford adequate notice to any of the defendants as to the basis for plaintiff's lawsuit against them. Nor does plaintiff assert that a particular constitutional right was violated or allege facts from which the court can plainly infer the violation of a constitutional right by a named defendant. This court does not have authority to charge individuals with crimes, as that authority belongs to the appropriate county attorney. Nor is the court authorized to fire a county employee.

Plaintiff's allegations in Count II may be viewed as a claim of denial of medical treatment under the Eighth Amendment, which is applicable to state inmates through the Fourteenth Amendment. However, as noted, the only defendant named and alleged to have actually denied medication and treatment to Mr. Gross is Beth Komarek. This claim may proceed against defendant Komarek only, unless plaintiff alleges additional facts showing direct personal participation by each of the other defendants.

Plaintiff's claims regarding conditions of his confinement other than denial of medical treatment are nothing more than conclusory allegations. He does not allege sufficient facts to show that a constitutional violation resulted from the alleged denial of the specified items. He does not provide dates or the duration of the alleged denials. Nor does he allege by whom or how he was injured. For example, he does not allege that any non-frivolous

lawsuit he has filed has been prejudiced, and thus fails to state a claim of denial of access to the courts.

Plaintiff is given time to cure all the foregoing deficiencies in his complaint. If he fails to cure these defects within the time prescribed, the defective claims will be dismissed and all claims will be dismissed as against any defendant whose personal participation is not adequately alleged in the body of the complaint.

Plaintiff is reminded that since he is not proceeding in forma pauperis, he may be required to arrange for or pay any fees charged by the U.S. Marshal for service of the complaint upon the defendants who remain in this action.

The court has considered plaintiff's Motion for Discovery (Doc. 2) and finds that it should be denied. This motion is premature as defendants have not yet been served. Moreover, plaintiff does not show that he has attempted to obtain the requested documents or information by means other than a court order or that all are relevant to this case.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Discovery (Doc. 2) is denied, without prejudice.

**IT IS FURTHER ORDERED** that plaintiff is granted thirty (30) days in which to cure the deficiencies in the complaint discussed herein or some claims and defendants will be dismissed.

**IT IS SO ORDERED.**

Dated this 18th day of December, 2013, at Topeka, Kansas.

**s/Sam A. Crow**
**U. S. Senior District Judge**