IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GLENN DOUGLAS GROSS,**

    **Plaintiff,**

    **v.**          CASE NO. 13-3197-SAC

**GLEN KOCHINOWSKI, Sheriff,**
**Saline County, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

  This pro se civil rights complaint was filed pursuant to 42 U.S.C. § 1983 by an inmate of the Saline County Jail, Salina, Kansas. The filing fees were paid in full. On December 18, 2013, the court entered an Order screening the complaint and finding deficiencies which were discussed therein. Plaintiff was given time to cure the deficiencies. In response, plaintiff has filed an "Addendum to Cause of Action." Having considered this pleading, the court finds as follows.

## PLAINTIFF REQUIRED TO FILE AMENDED COMPLAINT

  In order to add claims, significant fact allegations, or to change defendants, the plaintiff must submit a complete Amended Complaint. *See* Federal Rules Civil Procedure, Rule 15. An Amended Complaint is not filed by simply submitting an addendum

1

that adds allegations or claims and refers back to the original complaint. Instead, an Amended Complaint supersedes the original complaint, and the original complaint is no longer considered by the court. It necessarily follows that the Amended Complaint must contain all allegations and claims the plaintiff intends to pursue in the action, including all those to be retained from the original complaint. Any allegations or claims not included in the Amended Complaint are no longer before the court. All defendants must be named in the caption of the Amended Complaint and "et al" following the name of one of multiple defendants is not sufficient. Each defendant must be referred to again in the body of the Amended Complaint along with facts describing each defendant's personal participation. Mr. Gross is required to file an Amended Complaint. He must write the number of this case (13-3197) at the top of the first page of his Amended Complaint. The Amended Complaint must be submitted upon court-approved forms.

**NON-MEDICAL CLAIMS AND DEFENDANTS DISMISSED**

In his Amended Complaint, Mr. Gross must present his claim of denial of necessary medication and medical treatment only. The other claims in his original complaint are hereby dismissed, without prejudice, because they are not properly joined in a single complaint with his medical claims against defendant Beth

2

Komarek. Plaintiff's claim of denial of bond release based on acts taken by an unnamed female guard are not related to his medical claims and are not based upon acts taken by defendant Komarek.[1] Likewise, plaintiff's claims that he has been subjected to excessive force and inhumane conditions[2] other than denial of medical treatment are unrelated to his medical claim and do not allege involvement on the part of defendant Komarek.[3]

---

[1] The court further finds that this claim still appears to be frivolous. Plaintiff does not provide sufficient reason for his refusal to clean his cell and does not show either that he was entitled to be bonded out on the date in question or that he missed being bonded out through no fault of his own. Moreover, any claim that Mr. Gross was or is entitled to be released from jail may only be raised in a habeas corpus petition and not in a civil rights complaint.

[2] The court is also not convinced by allegations in plaintiff's addendum that the denial of privileges or property and the incidents of force complained about were other than legitimate attempts to control or punish plaintiff's disruptive behavior, or that any harsh conditions were of sufficient duration. However, the court makes no determination on these non-medical conditions claims in this lawsuit.

[3] While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties. *Zhu v. Countrywide Realty Co., Inc.*, 160 F.Supp.2d 1210, 1225 (D.Kan. 2001)(citation omitted). Under "the controlling principle" in Fed.R.Civ.P. Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *Id*. It also prevents prisoners from "dodging" the fee obligations and the three strikes provisions of the Prison Litigation Reform Act. *Id*. (Rule 18(a) ensures "that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees."). Fed.R.Civ.P. Rule 20(a)(2) governs permissive joinder of defendants and pertinently provides:

> (2) Defendants. Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Id. Rule 18(a) governs joinder of claims and pertinently provides: "A party

Because all non-medical claims are dismissed, this action is dismissed as against all defendants named herein that were not involved in the alleged denial of medical treatment. Accordingly, this action is dismissed as against all defendants other than Beth Komarek.

In order to proceed upon claims of excessive force and other non-medical jail conditions, Mr. Gross will have to file a separate lawsuit.[4] He must follow the joinder rules in any other lawsuit that he may file. The allegations and claims in the Addendum are not related to plaintiff's medical claims and are no longer relevant. Accordingly, they will not be considered further in this action.[5]

**IT IS THEREFORE ORDERED** that this action may proceed only upon plaintiff's Eighth Amendment claim of denial of medical treatment, and that all other claims in the original complaint are dismissed, without prejudice.

**IT IS FURTHER ORDERED** that this action is dismissed and all

---

asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id.*

[4] If on the other hand Mr. Gross should decide to proceed on his excessive force claims in this action for which he has already paid the filing fee, he must omit his medical claims from his Amended Complaint and otherwise comply with the rules of joinder.

[5] If he files a separate lawsuit on these claims, he must include in any new complaint the facts and allegations, including dates and names of participants, that he has included to some extent in his Addendum.

relief is denied, without prejudice, as against the following defendants: Glen Kochinowski, Soldan, Shea, Sutton, Bett, Haaga, Reece, Wallace, Redmond, Brenda Herring, A. Jackson, Roehn, Black, Kindlesparger, Shiever, and Tina Miller.

**IT IS FURTHER ORDERED** that plaintiff is required to file a complete Amended Complaint upon court-provided forms and that the Amended Complaint is to be limited to his claim of denial of medical treatment against defendant Beth Komarek.

The clerk is directed to send plaintiff 1983 forms for use in filing his Amended Complaint.

**IT IS SO ORDERED.**

Dated this 7th day of January, 2014, at Topeka, Kansas.

**s/Sam A. Crow**
**U. S. Senior District Judge**